IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:14-cv-2422 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

### April 9, 2015

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On December 22, 2014, Petitioner, Craig Alexander, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held at the United States Penitentiary in Beaumont, Texas, where he was charged with refusing a drug or alcohol test. (Doc. 1, p. 10; Doc. 2).

The Court directed service of the petition on December 30, 2014 and directed Respondent to file a response. (Doc. 5). On January 20, 2015, Respondent filed a response and supporting exhibits. (Doc. 8). No traverse has been filed, though Petitioner filed exhibits on March 31, 2015. (Doc. 9).

Accordingly, the petition is ripe for disposition.  For the reasons set forth herein, the petition will be dismissed for failure to state a cognizable habeas corpus claim.

I.      **FACTUAL BACKGROUND**

Petitioner states that on April 16, 2013, he was charged in Incident Report Number 2429468, with refusing a drug or alcohol test, a Code 110 violation.  (Doc. 1; Doc. 2, pp. 2-3; Doc. 8-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p. 1).

On April 16, 2013, Petitioner appeared before the Discipline Hearing Officer, ("DHO").  (Doc. 8-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham; Doc. 8-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p. 1).  Following a hearing, the DHO determined that Petitioner had committed the prohibited act of refusing a drug or alcohol test.  (*Id.*).  Petitioner was sanctioned to a three (3) month loss of email and telephone privileges, and sixty (60) days disciplinary segregation (suspended 180 days pending clear conduct).  (*Id.*).  Petitioner did not lose any good conduct time as a result of the misconduct.  (Doc. 8-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham).  Additionally, the result of the hearing did not change the release date of Petitioner's life sentence.  (*Id.*).

Petitioner appealed the finding of the DHO to the Regional level, and his appeal was rejected.  (Doc. 8-1, Ex. 1 at ¶ 7, Declaration of L. Cunningham; Doc.

8-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 16). Petitioner was advised that his administrative request was untimely and was submitted to the wrong Regional Office. (*Id.*). Petitioner then appealed this rejection to the Central Office, and the request was similarly rejected as untimely. (Doc. 8-1, Ex. 1 at ¶ 8, Declaration of L. Cunningham; Doc. 8-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 19). The Central Office ultimately "concur[red] with the Region[']s rationale for rejection." (Doc. 8-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 19).

## II.  DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* Petitioner, however, fails to make a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming

dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time).  To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege he lost any good-time credits.  His Disciplinary Record confirms that he did not lose any good conduct time.  Rather, Petitioner's disciplinary infractions resulted only in a temporary loss of email and telephone privileges, and temporary placement in disciplinary segregation, which do not implicate protected liberty interests as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life.  *See, e.g.*, *Robinson v. Norwood*, 535 Fed. Appx. 81, 83 (3d Cir. 2013) (placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); *Gonzelez v. Zickenfoose*, 2014 WL 257850, at *2 (M.D. Pa. 2014) (the temporary loss of commissary, visitation and email privileges do not "implicate a protected liberty interest as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison

life"); *Santos v. Bureau of Prisons*, 2006 WL 709509, at *2 (M.D. Pa. 2006) (temporary loss of commissary and telephone privileges does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Petitioner challenges the sufficiency of the evidence to find him guilty of the charge of refusing a drug or alcohol test. (Doc. 1, pp. 6-7; Doc. 2, pp. 3-4). Based upon the alleged due process violations, Petitioner asserts that this Court should grant his habeas petition, expunge the incident report, and restore all privileges lost in connection with the misconduct. (Doc. 1, p. 8; Doc. 2, p. 5). However, where Petitioner was not sanctioned with a loss of good conduct time, but instead was sanctioned with temporary loss of email and telephone privileges, and temporary placement in disciplinary segregation, no liberty interest was implicated, and thus he has no basis to assert these alleged violations of his due process rights through a habeas corpus petition. *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 Fed. Appx. 172 (3d Cir. 2007). Thus, the petition for writ of habeas corpus will be dismissed.

A separate Order will be issued.